**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO FRANCISCO,<br><br>                                    Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden at Imperial Regional Detention Facility, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-03929-RBM-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Antonio Francisco's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a native and citizen of Guatemala, "entered the United States without inspection on an unknown date and remained in the United States undetected for several years."  (Doc. 1 ¶ 4.)  The U.S. Department of Homeland Security ("DHS") "later encountered Petitioner in the interior of the United States and detained him at the Krome Processing Center in Miami, Florida."  (*Id.*)  On or around February 9, 2022, DHS served Petitioner with a Notice to Appear, "thereby placing him in removal proceedings under" section 240 of the Immigration and Nationality Act ("INA"), "and released him from

1

immigration custody" pursuant to an Order of Release of Recognizance issued on a Form I-220A. (*Id.*; *see* Doc. 1-2, Ex. 1 at 2; Doc. 1-3, Ex. 2 at 2.)

After his release, Petitioner openly resided in the United States for over four years and was granted employment authorization through February 2, 2030. (Doc. 1 ¶ 5; *see* Doc. 1-4, Ex. 3 at 2.) On or around June 27, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers "detained Petitioner at a gas station in Homestead, Florida, during an immigration enforcement operation, and placed him back into immigration detention." (Doc. 1 ¶ 6.) "Respondents provided no prior notice, no individualized explanation, and identified no changed circumstances justifying Petitioner's" re-detention. (*Id.*) Petitioner was later transferred to the Imperial Regional Detention Facility, where he currently remains detained. (*Id.*) On July 8, 2026, an immigration judge denied Petitioner's request for a custody redetermination for lack of jurisdiction pursuant to *Matter of Yajure-Hurtad*o, 29 I&N Dec. 216 (BIA 2025). (*Id.* ¶ 33.)

## II.    <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    <u>DISCUSSION</u>

Petitioner claims his continued immigration detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. (Doc. 1 ¶¶ 50–61.) Respondents assert that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)[,]" but nonetheless maintain their

position that "Petitioner is subject to mandatory detention under § 1225(b)(2)." (Doc. 4 at 2.) Respondents "acknowledge[ ] that this Court's prior decisions will control the result here . . . , as the facts are not materially distinguishable for purposes of the Court's decision, and on that basis . . . does not oppose the [P]etition and defers to the Court on the appropriate relief." (*Id*. at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on their own recognizance and re-detained several years later. In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause." Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."). Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

Like in *Faizyan*, Petitioner was previously released from ICE custody pursuant to an Order of Release on Recognizance. (*See* Doc. 1 ¶ 4; Doc. 1-3, Ex. 2 at 2.) "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [his] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Petitioner was later re-detained after residing in the United States for over four years. (*See* Doc. 1 ¶¶ 3, 5, 8, 28.) Before his re-detention in June 2026, Petitioner was granted

3

work authorization, "complied with all conditions imposed by immigration authorities," and "established substantial ties within his community." (*Id*. ¶¶ 27–28; *see* Doc. 1-4, Ex. 3 at 2.)   Petitioner further claims, and Respondents do not dispute, that "Respondents provided no prior notice, no individualized explanation, . . . identified no changed circumstances justifying Petitioner's abrupt re-detention," and did not "provide any opportunity to challenge his re-detention before a neutral decisionmaker." (Doc. 1 ¶¶ 7, 31–32.)   The Court therefore adopts its reasoning in *Faizyan* and applies it here.   For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary detention procedures; and (2) ICE's revocation of Petitioner's release on his own recognizance without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful.   *See Faizyan*, 2025 WL 3208844, at *7; *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although . . . Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("[I]f Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").[1]

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.   Accordingly:

1. The Government is **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting Order of Release on Own

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-03929-RBM-JLB

Recognizance and return Petitioner's belongings immediately upon his release.

2. The Court **ORDERS** that, prior to any re-detention, the Government **SHALL** provide Petitioner with adequate notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  At such a hearing, the noncitizen bears the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

**IT IS SO ORDERED**.

DATE:  July 17, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

5

3:26-cv-03929-RBM-JLB